| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| JACOB ANDRE JENNINGS, | § | |
| TDCJ 705504, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-03-3454 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| RESPONDENT. | § | |

## Opinion on Dismissal

Jacob Andre Jennings challenges a prison disciplinary hearing in 20020308848. 28 U.S.C. § 2254. Doug Dretke moves for summary judgment. Jennings claims the disciplinary hearing officer denied him due process and equal protection by not allowing him more time to defend against a new charge and by finding him guilty without sufficient evidence. Jennings says he was charged with trying to have an inappropriate relationship with Officer Hughlett by "entering the 1 row closet with an officer." After the hearing officer heard some testimony, he changed the charge to being out of place by being in the 1 row closet on the same date and time.

Dretke submitted evidence in his first motion to dismiss (13) that the prison overturned and deleted Jennings's disciplinary case from his prison records and that these claims are therefore moot. In reply, Jennings admits his case was overturned. However, he contends that his request to have his 30 days of forfeited good conduct time restored and to resolve other punishments has "not been met nor addressed." Jennings said that although the prison overturned his disciplinary conviction, the resulting punishments stand and prison officials did not restore or upgrade his custody classification when he requested that after the disciplinary case was overturned. This court invited Dretke to move again for dismissal. Dretke did so (17).

Dretke again urges that Jennings's claims concerning his lost good conduct time are moot

and moves to dismiss because his claims concerning custody classification and his other punishments do not implicate due process. Dretke submits more specific evidence in his second motion which shows that the prison restored 30 days of forfeited good time to the accumulated good time attached to Jennings's sentence (17, Exh. A). Jennings again replies that the prison has not addressed the issue of his lost good time (18). He says a disciplinary hearing cannot be processed without an investigation and that if the hearing officer changes the charges, he must give the prisoner another 24 hours notice, unless the new charge is a lesser included offense.

The need for an investigation and an additional 24 hours notice does not affect Dretke's mootness showing. Jennings offers no explanation or facts in support of his claim that Dretke has not addressed this issue or that his claim is not moot. Notwithstanding Jennings's conclusory statement to the contrary, the good time he lost time in the challenged disciplinary conviction was restored. Jennings's claims about the loss of good time in his disciplinary conviction are moot.

Jennings says in his second reply that he was charged and tried on November 14, 2003, in a new case (20040082712) for the same charge—15 months after the first hearing. Jennings filed this habeas corpus application on August 27, 2003. Therefore, he can not be challenging the conviction of November 14, 2003 in this lawsuit. Furthermore, any claim of lack of adequate notice in disciplinary case 20040082712 would fail because Jennings had more than 24 hours notice.

Jennings's claims also fail because he was not entitled to more notice under prison rules. The being-out-of-place charge is a lesser included offense of the first charge. The new charge involved the same incident and actions by Jennings—being in the 1 row closet on a certain date and time. More important, the first charge gave Jennings sufficient notice to defend against the second charge.

Jennings's claim that prison officials did not upgrade his custody classification after the disciplinary case was overturned is of no consequence. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (a prisoner has no due process liberty interest in his custody classification or good time earning status). His claim about other punishment—restrictions on privileges—is also of no consequence. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

On Dretke's motion to dismiss as moot and for failure to state a claim on which relief may

be granted (17), Jennings's application is denied.  Jennings has not made a substantial showing of the denial of a constitutional right.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  A certificate of appealability should not issue.

     Signed  April 30, 2005, at Houston, Texas.

Lynn N. Hughes     USDJ

United States District Judge
